Luther Bringing GOOD, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13632.

Court of Criminal Appeals of Oklahoma.

July 14, 1965.

J. L. Pazoureck, El Reno, for plaintiff in error.

Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Luther Bringing Good, Jr., hereinafter referred to as the defendant was charged, tried and convicted for the offense of Grand Larceny in the District Court of Canadian County, Case No. 3200. Judgment and sentence was pronounced in accordance with the verdict of the jury and he appeals.

On appeal he urges three assignments of error, (a) that the evidence was insufficient to support the verdict of the jury, (b) that the court improperly instructed the jury, and (c) that the punishment is excessive.

From the record it appears that on the 12th day of August, 1964, Mike Leonard was alone in his store, and that a number of Indians were frequenting his place of business. Mr. Leonard stated that among other things sold at his establishment was 3.2% beer, which he served at the front bar, but kept under refrigeration near the back of the store. The witness further testified that his cash register containing approximately $2000.00 was in back of the front bar, and that he kept this money for the purpose of cashing payroll checks.

The witness testified that he had gone to the back of the store to secure beer from the refrigerator, and upon returning observed the defendant with his hands in the cash register. The defendant ran out the front door with the money in his hands, and was able to break loose from the hands of Dennis Stewart, a bystander, who had attempted to tackle him. Efforts of Mike Leonard to halt the fleeing thief were thwarted by Compton Boynton, brother-in-law of the defendant, who blocked his passage a sufficient length of time for the thief to make good his escape.

This matter was reported to the police who arrested the defendant a short time later hiding in a closet in the home of his brother-in-law, Compton Boynton.

After his arrest the defendant admitted the theft and a search underneath Compton Boynton's front porch yielded the sum of $1,055.00, a part of which was identified as being money taken from Mike Leonard's cash register.

Under the undisputed evidence as above outlined, we are of the opinion that the evidence conclusively established the guilt of the accused, and that the first assignment of error is wholly without merit.

The second and third assignments of error are equally without merit since the instructions given by the court were free from fundamental error and most favorable to the defendant; and the punishment of three (3) years and six (6) months in the State Penitentiary was well within the range prescribed by law.

On the record before us, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby affirmed.

NIX and BRETT, JJ., concur.